# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELLE MCGEE,<br><br>                           Plaintiff,<br>v.<br><br>MIDLAND CREDIT MANAGEMENT, INC.,<br>                          Defendant. | Case No.: 14cv1317-MMA (MDD)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**<br><br>[Doc. No. 26] |

Before the Court is Plaintiff Michelle McGee's ("Plaintiff" or "Plaintiff McGee") motion for reconsideration of the Court's February 21, 2019 Order dismissing her case with prejudice. Doc. No. 26. Defendant Midland Credit Management, Inc. ("Defendant") opposes the motion. Doc. No. 28. The Court found the matter suitable for determination on the papers and without oral argument pursuant to Civil Local Rule 7.1.d.1. For the reasons set forth below, the Court **DENIES** Plaintiff's motion.

## RELEVANT BACKGROUND

On August 10, 2018, a group of counsel for Plaintiffs and Defendants in the multi-district litigation ("MDL") jointly moved for the Court's approval of a discovery questionnaire and a related protective order providing for limited discovery. *In Re: Midland Credit Management, Inc. Telephone Consumer Protection Litigation*, MDL No. 2286, MDL Doc. No. 603. On August 15, 2018, the Court ordered any Plaintiff to object

1

to the proposed questionnaire and related procedures. MDL Doc. No. 604. On September 5, 2018, and having received no objections, the Court ordered all Plaintiffs in the MDL to complete and serve a discovery questionnaire within 45 days. MDL Doc. No. 608. The Court permitted Defendants to seek dismissal of any cases in which Plaintiffs failed to serve a completed questionnaire. *Id.*

On November 13, 2018, Defendants moved for an order to show cause why cases in which Plaintiffs failed to timely serve a completed questionnaire should not be dismissed. MDL Doc. No. 615. Plaintiff McGee's case was listed in Defendants' motion. *Id.* The Court granted the motion and ordered that Plaintiffs who did not complete the questionnaire, including Plaintiff McGee, show cause why their cases should not be dismissed on or before November 30, 2018. MDL Doc. No. 617. Several Plaintiffs responded. *See* MDL Docket. However, Plaintiff McGee did not show cause why her case should not be dismissed. *See id.* On January 14, 2019, the Court refused to recommend dismissal in cases where Plaintiffs served their discovery questionnaires late, but indicated it would recommend dismissal of any cases where Plaintiffs failed to respond. MDL Doc. No. 657. Some Plaintiffs responded to the January 14 Order, and the Court granted them relief. MDL Doc. Nos. 662, 671. Plaintiff McGee did not respond to the January 14 Order. *See* MDL Docket.

On February 6, 2019, Judge Dembin recommended dismissal of cases in which Plaintiffs had not responded to the Court's order to show cause. MDL Doc. No. 672. Plaintiff McGee did not object to Judge Dembin's recommendation, and the Court subsequently adopted the recommendation and dismissed Plaintiff McGee's case with prejudice. *See* Doc. No. 24. Four months later, Plaintiff McGee filed the instant motion for reconsideration pursuant to Federal Rule of Civil Procedure 60(b). Doc. No. 26.

## **LEGAL STANDARD**

Pursuant to Federal Rule of Civil Procedure 60(b), district courts have the power to reconsider a previous ruling or entry of judgment. Reconsideration under Rule 60(b) may be granted in the case of: (1) mistake, inadvertence, surprise or excusable neglect; (2)

2

14cv1317-MMA (MDD)

newly discovered evidence; or (3) fraud; or if (4) the judgment is void; (5) the judgment has been satisfied; or (6) for any other reason justifying relief. *See* Fed. R. Civ. P. 60(b).

## DISCUSSION

Plaintiff moves for reconsideration under Rule 60(b)(1) and 60(b)(6) on the grounds that "counsel inadvertently missed the deadline for submitting responses to a [d]iscovery [q]uestionnaire" because there "were numerous [filings] and frequently [there] were notices of additional cases being added to the MDL." Doc. No. 26 at 1-2. But for "the volume of the filings and notices in addition to other notices related to the busy litigation practice of Plaintiff's counsel," the e-mail notifications would have been opened "on a timely basis." *Id.* at 2. Defendant opposes reconsideration and argues that Plaintiff did not merely miss the discovery questionnaire deadline, but "ignored at least five court orders." Doc. No. 28 at 1.

**A.    Excusable Neglect**

First, Plaintiff argues her counsel's failure to timely produce the discovery questionnaire constitutes excusable neglect because of the numerous filings in this MDL. Doc. No. 26 at 1-2. The Supreme Court set forth the following four-factor test to determine whether circumstances constitute excusable neglect: (1) "'the danger of prejudice'" to the non-moving party; (2) "'the length of the delay and its potential impact on judicial proceedings[;]'" (3) "'the reason for the delay, including whether it was within the reasonable control of the movant[;]'" and (4) "'whether the movant acted in good faith.'" *Iopa v. Saltchuck-Young Bros., Ltd.*, 916 F.3d 1298, 1301 (9th Cir. 2019) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)).

Regarding the first and second considerations, Plaintiff McGee has continually refused to move her case forward and has unreasonably stalled the case. Plaintiff has had the ability to participate in discovery in this case since August 15, 2018. *See* MDL Doc. No. 608. Plaintiff produced the discovery questionnaire more than eight months late. *See* Doc. No. 26 at 2 (stating that Plaintiff submitted the discovery questionnaire

"[c]oncurrent with the filing of this Motion"); *see also* MDL Doc. No. 608 (ordering the discovery questionnaire to be submitted within 45 days of September 5, 2018). She also failed to respond to five Court orders indicating that a failure to respond to any order to show cause would result in dismissal of the case over a period of three months. MDL Doc. Nos. 617, 657, 662, 671, 672. Having received no filings from Plaintiff in response to any of the orders—including the order to show cause and to Judge Dembin's report and recommendation—the Court dismissed her case. Doc. Nos. 24-25. Plaintiff then waited four months to file a motion for reconsideration. *See* Doc. Nos. 24-26. As a result, Plaintiff was not actively involved in this case for almost a year. *See* MDL Docket.

Plaintiff argues this does not prejudice the parties in this MDL because the next phase of discovery has not yet begun. Doc. No. 26 at 2. However, Plaintiff ignores that Defendant must produce "Plaintiff-Specific Information" in response to the discovery questionnaire. MDL Doc. No. 608 at 4. The parties to the MDL have already submitted status reports regarding the next phase of discovery. MDL Doc. Nos. 695-97. As a result, permitting Plaintiff's case to re-open would require the Court to hold off on scheduling the next phase of discovery, which may require further status reports. *See* MDL Doc. Nos. 689, 695-97. This would prejudice all parties in the MDL by unnecessarily delaying discovery.

Considering the third factor, Plaintiff's reason for the length of the delay is failure to timely open notices of electronic filings. Doc. No. 26. The Court finds that not opening notices of electronic filings, despite the "numerous" notifications Plaintiff's counsel received, is not excusable neglect, particularly in light of the fact that Plaintiff's counsel apparently did not open emails for several months. Opening email notifications regarding a client's case is certainly "'within the reasonable control of the movant.'" *Iopa*, 916 F.3d at 1301 (quoting *Pioneer Inv. Servs. Co.*, 507 U.S. at 395). With respect to the final factor, the Court finds no evidence of bad faith.

Although the Court finds no evidence of bad faith, the prejudice to the non-moving

4

14cv1317-MMA (MDD)

parties in the MDL and the length and reason of the delay do not constitute excusable neglect. Accordingly, reconsideration is not warranted pursuant to Rule 60(b)(1).

**B.** **Other Reason Justifying Relief**

Plaintiff also contends that her "inability to present her viable case due to the actions of her counsel and no fault of her own" justifies relief under Rule 60(b)(6). Doc. No. 26 at 2. Rule 60(b)(6) allows the Court to relieve a party form an order for any reason that justifies relief. Fed. R. Civ. P. 60(b)(6). The rule "is to be 'used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment.'" *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (quoting *Latshaw v. Trainer Wortham & Co., Inc.*, 452 F.3d 1097, 1103 (9th Cir. 2006)). The moving party "'must demonstrate both injury and circumstances beyond [her] control.'" *Latshaw*, 452 F.3d at 1103 (quoting *Cmty. Dental Servs. v. Tani*, 282 F.3d 1164, 1168 (9th Cir. 2002)). Here, Plaintiff has not shown "that circumstances beyond [her] control prevented timely action to protect [her] interests." *United States v. Alpine Land & Reservoir Co.*, 984 F.2d 1047, 1049 (9th Cir. 1993). Plaintiff's counsel failed to open notifications of electronic filings or to check the docket in this case, resulting in a missed discovery deadline and five missed opportunities to prevent the case from being dismissed. This is not an extraordinary circumstance warranting relief. Accordingly, the Court finds that relief under Rule 60(b)(6) is not justified.

### CONCLUSION

For the reasons set forth above, the Court **DENIES** Plaintiff's Motion for Reconsideration.

**IT IS SO ORDERED.**

Dated: August 20, 2019

Hon. Michael M. Anello
United States District Judge

5